WILFRED JONES *d.b.a.* CHURCH AVENUE GREENHOUSES *vs.*
ALBERT F. THORNTON.

ALBERT F. THORNTON *vs.* WILFRED JONES.

DECEMBER 17, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. These two actions in assumpsit, which arose out of the same transaction, by agreement of counsel were tried together to a jury in the superior court. The jury returned a verdict for $150 in the case of Jones v. Thornton and a verdict for the defendant in the case of Thornton v. Jones. A motion for a new trial by Thornton in each case was heard and denied. The cases are before us on Thornton's exceptions to the denial of those motions and to the allowance in evidence of certain expert testimony.

Thornton's action, which was begun by writ dated March 28, 1946, was for a balance allegedly due him under an oral

agreement for labor and material in installing a heating system in Jones' greenhouses and "roughing in" a toilet in the garage. On May 1, 1946 Jones sued Thornton for alleged defects in the heating system and for failure to install a sink in his home.

In view of our conclusion we shall not refer to the evidence in detail. The work for which Thornton claims compensation was done in the fall of 1945, at a time when, according to the evidence, prices for both labor and material were uncertain and subject to advance almost without notice. Furthermore, it is clear that at that time one had to take whatever material the market offered and that good material was extremely difficult if not impossible to obtain, all of which was apparently known to Jones. The heating system, as installed, had been used by Jones continuously without the need of any repairs thereto. At the trial his only complaint as to the heating system was that water leaked from some of the flanges.

Carl H. Johnson, a steam fitter and plumber, was called as an expert witness by Jones. Counsel for Thornton objected to his testimony as too remote when it appeared that he had examined the heating system at Jones' request on March 12, 1947, that is, over eighteen months after the system was installed. Thornton's exception to the ruling admitting Johnson's testimony is without merit as the objection went to the weight rather than to the admissibility of such testimony. This exception is overruled.

Briefly summarized, Johnson testified that the only defect in the entire heating system was that for some unknown reason, possibly "poor material and solder" due to war conditions and not discoverable by reasonable inspection, some joints had "pulled out," causing a few leaks which did not prevent the functioning of the system and did no damage. Johnson would not attribute such condition to defective workmanship on the part of Thornton or to absence of reasonable care by him in the choice and use of material.

From our consideration of all the evidence it is clear to us that the trial justice misconceived the real import of Johnson's testimony. Since the case of *Wilcox* v. *Rhode Island Co.*, 29 R. I. 292, this court has consistently held that the decision of a trial justice granting or denying a motion for a new trial will not be disturbed unless it is clearly wrong. But when such decision is based upon a misconception of the evidence on a material point the verdict does not acquire any additional support from the approval of the trial justice. *Paradise* v. *Rick*, 63 R. I. 207.

In the instant cases the trial justice was apparently content to accept the jury's view of the evidence. As this action by him was in violation of our well-established rule governing the consideration of a motion for a new trial by a trial justice, his decision is deprived of that persuasive force that it would otherwise have in this court under the *Wilcox* case. In such circumstances we are obliged to examine the evidence for ourselves, and if after examination it clearly appears that the jury has disregarded the great weight of the evidence it is our duty to overrule the decision of the trial justice and to grant a new trial. *Barlik* v. *United Electric Rys.*, 60 R. I. 227, 234. From our reading of the transcript here we are convinced that the great weight of the evidence preponderates against the verdicts and that Thornton's motion for a new trial in each case should have been granted.

The defendant's exception to the denial of his motion for a new trial in the case of Jones v. Thornton and the plaintiff's exception to the denial of a similar motion by him in the case of Thornton v. Jones are sustained, and each case is remitted to the superior court for a new trial.

*Temkin & Temkin, Jeremiah J. Gorin,* for Wilfred Jones.

*Edward W. Bradford,* for Albert F. Thornton.